UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

**CIVIL ACTION NO. 04-207-JBC**
**CRIMINAL ACTION NO. 99-33-JBC**

**UNITED STATES OF AMERICA,** **PLAINTIFF,**

**V.**     **MEMORANDUM OPINION AND ORDER**

**TERRY WAYNE COPE,** **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on defendant Terry Wayne Cope's objections to the magistrate judge's report and recommendation, on his motion for leave to file *pro se* objections to the magistrate judge's report and recommendation, and on his motion for *pro se* discovery.

In the federal courts, a party may plead his case either personally or by counsel. 28 U.S.C. § 1654; *United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987). However, there is no right to hybrid representation. A defendant may allow counsel to act on his behalf, or he may proceed *pro se*. However, the court need not consider the defendant's *pro se* filings where the defendant is represented by counsel. *Mosely*, 810 F.2d at 97. *See also Lee v. State of Alabama*, 406 F.2d 466, 469 (5th Cir. 1968) (specifically discussing *habeas corpus*); *Estrada v. Cockrell*, 2003 WL 21488224 (N.D. Tex. 2003); *Donovan v. State of Maine*, 2001 WL 179887 (D. Me. 2001). In this case, counsel has filed the motion for relief under § 2255 and has filed objections to the magistrate judge's report and recommendation. The defendant has not objected to counsel acting on his behalf.

Therefore, the court will strike the defendant's *pro se* objections to the report and recommendation and deny his *pro se* motion for discovery.

Having reviewed the record *de novo* in light of the petitioner's objections, the court will adopt the magistrate judge's report and recommendation concerning the defendant's motions under 28 U.S.C. § 2255 and Fed. R. Crim. P. 33. Accordingly,

**IT IS ORDERED** that the magistrate judge's report and recommendation (DE 291) is **ADOPTED** as the opinion of the court. As per the report and recommendation, the court will hold a hearing on May 12, 2006 at 1:30 p.m. in Lexington. The hearing will address four matters: the defendant's claims that (1) trial failed to interview Judy Woods and discover the existence of a credible alibi despite being told by the defendant to do so; (2) trial counsel failed to prepare, present, and argue an alibi defense; (3) trial counsel failed to investigate or present evidence concerning the condition of the van; and (4) trial counsel admitted his guilt during closing argument without the defendant's prior knowledge or consent.

**IT IS FURTHER ORDERED** that the defendant's motion for leave to file *pro se* objections to the report and recommendation (DE 300) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendant's *pro se* motion for discovery (DE 302) is **DENIED**.

Signed on April 4, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY