UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at COVINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Criminal Case No. |
| v. ) | 99-cr-33-JMH-CJS |
| ) | |
| TERRY WAYNE COPE, ) | |
| ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. ) | |

\*\*\*

Defendant Cope has filed a Motion for Reconsideration [DE 487] of the Court's Order of June 8, 2016 [DE 470], in which Judge Thapar denied Cope's motion to reopen his § 2255 petition pursuant to Fed. R. Civ. P. 60(b)(3) [DE 453] on the grounds that the request to reopen was untimely filed. In light of Judge Thapar's recusal, the Court concludes that it is appropriate to examine that order, particularly the decision concerning the timeliness of Cope's motion to reopen his § 2255 petition [DE 453]. Unfortunately for Cope, the Court, having given a fresh look at the issue, finds Cope's motion to reopen his § 2255 petition to be untimely.

Fed. R. Civ. P. 60(c)(1) provides that all motions made under Rule 60(b)(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Cope's Motion to reopen his § 2255 petition [DE 453] was filed on March 14, 2016. Cope makes a conclusory argument that, in

1

fact, the motion was placed in a prison mailbox in Leavenworth, Kansas, on June 14, 2015. He offers no evidence, such as a sworn affidavit or statement under penalty of perjury, in support of that argument. The Court is left with motion filed in this record on March 14, 2016, which arrived in an envelope bearing a postmark of March 11, 2016, in Leavenworth, Kansas, under cover of a letter dated March 10, 2016, apparently by Cope himself. More to the point, even if his motion had been mailed in June 2015, it would still be out of time.

His motion for relief would have been filed over eight years after the entry of the district court order denying his original § 2255 petition on February 7, 2007; over seven years after the Court denied his Rule 59(e) motion with respect to its order denying that petition by order dated April 9, 2008 [DE 339]; and, for that matter, over four years after the mandate was issued on January 5, 2011, with respect to the Court of Appeals' July 13, 2010, disposition of his appeal of that decision, affirming the decision of the district court.[1] It would have been filed a year and a half after the ballistics testing upon which Cope would base his motion was to have been completed by Court order entered on October 31, 2013 [*See* DE 417]. Cope argues, of course, that the ballistics testing was

---

[1] Of interest, Cope's motion to test the evidence was only filed on February 23, 2012 [DE 386], over a year after the Court of Appeals issued a mandate with respect to its decision affirming the district court's decision to deny his § 2255 petition.

2

not completed as anticipated because the government did not make the guns available for testing until after October 31, 2013, and through a series of happenstances, his expert only test fired the firearms in mid-December 2013 and was able to prepare his report and mail it to Cope around June 18, 2014. Nonetheless, the Court does not have to rely on Cope's unsupported assertion that his motion was mailed in June 2015 and proceeds in light of what is before it – a motion that was mailed and received in March 2016. The motion was made out of time no matter how the Court views it. The Court does not believe that the earlier decision dismissing Cope's motion as untimely was improperly entered without prior notice for all of the reasons stated by Judge Thapar, [*see* DE 483 at 2-3], but that is water under the bridge now. Defendant has had an opportunity to respond and the matter has been reviewed anew. His motion to reopen his § 2255 petition pursuant to Fed. R. Civ. P. 60(b)(3) [DE 453] is still untimely.

The Court has briefly considered whether the Motion might be construed a successive petition for habeas relief under 28 U.S.C. § 2255 but, ultimately, agrees with Judge Thapar's conclusion that Cope has made a true motion under Fed. R. Civ. P. 60(b)(3), because it attacks what Cope argues were fraudulent discovery practices by the government in his earlier § 2255 proceedings. Should Cope disagree, he should seek leave to

pursue a successive petition under § 2255 with the Court of Appeals.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Reconsideration [DE 487] of the Court's Order of June 8, 2016 [DE 470] is **GRANTED**, insofar as the Court has reconsidered the June 8, 2016, decision. The relief that he requests in his Motion for Reconsideration [DE 487] is, however, **DENIED**.

This the 12th day of October, 2016.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge