```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                 NORTHERN DIVISION at COVINGTON
```

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | 2:99-cr-033-JMH-CJS |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| TERRY WAYNE COPE, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

***

Defendant Terry Wayne Cope, a federal prisoner proceeding pro se, has moved for an extension of time in which to file notice of appeal [DE 557]. Cope's motion for an extension of time to file notice of appeal [DE 557] is **DENIED** because Cope has failed to demonstrate good cause or excusable neglect that would justify an extension for filing notice of appeal.

## I.  Procedural History

On February 7, 2007, the Court denied Cope's motion for habeas relief [DE 327] but granted a limited certificate of appealability related to his claim that counsel was ineffective for failing to investigate his alibi defense [DE 331]. The United States Court of Appeals for the Sixth Circuit affirmed the district court's judgment on July 13, 2010, [DE 370]. Then, on March 14, 2016, Cope moved to reopen his § 2255 motion, citing a continuing challenge to physical evidence and testimony that was offered at

his trial. [DE 453]. The district court denied Cope's motion on June 8, 2016. [DE 470].

Now, on September 8, 2017, seven years after the Court denied his initial § 2255 motion, Cope has filed a series of motions to correct alleged errors in that decision, reopen the proceedings, and to reconsider an order requiring that seized money be applied toward his restitution. [DE 526; DE 527; DE 535; and DE 538]. On October 2, 2018, the Court denied these motions, finding that there was no factual or legal basis supporting Cope's claim that the seized money should have been distributed to his ex-wife, whom he owes child support. [DE 549]. Additionally, the Court found that his motions to reconsider under Rule 60 constituted substantive attacks on the evidence and the Court's conclusions of law and that, in any event, the motions were untimely. [*Id.*].

Undeterred, on October 30, 2018,[1] Cope filed a motion to alter or amend judgment, styled as a motion to reconsider, under Rule

---

[1] Cope's motion to alter or amend appeared in the record on November 5, 2018. [*See* DE 552]. But Cope certified that he placed the motion in the prison mail system on October 29, 2018. [DE 552 at 2, Pg ID 992]. Additionally, the envelope containing the motion was postmarked on October 30, 2018. [DE 552-1]. As a result, Cope's motion to alter or amend [DE 552] was timely filed based on the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Tanner v. Yukins*, 776 F.3d 434, 436 (6th Cir. 2015) ("notice of appeal was considered filed when it reached the mailroom"); *see also Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (prison mailbox rule for filing applies to civil complaints filed by pro se petitioners incarcerated at the time of filing).

2

59(e). [DE 552]. The Court denied the motion to alter or amend on December 3, 2018. [DE 555].

Now, almost two months later, Cope has moved for an extension of time to file notice of appeal [DE 557], asserting that he has been unable to file a timely notice of appeal due to occasional prison law library closures as a result of the holidays and the partial lapse in government appropriations. [DE 557].

## II. Analysis

Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure allows the district court to extend the time to file a notice of appeal if "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and . . . that party shows excusable neglect or good cause." Additionally, in the Sixth Circuit, it is "well settled that leave to file an untimely notice of appeal is to be granted only in unique or extraordinary circumstances." *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989).

**A. Timeliness of Motion for Extension of Time**

First, Cope's motion for an extension of time to file notice of appeal is timely because it was filed prior to the expiration of the time prescribed by Rule 4(a). Under Rule 4(a)(1)(B)(i), in a case like this one, "[t]he notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is: (i) the United States."

Additionally, under Rule 4(a)(4)(A)(iv), if a party files a timely motion under Federal Rule of Civil Procedure 59, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."

As a result, Cope is correct that the sixty-day time period to file notice of appeal began running on December 3, 2018, when the Court entered an order denying Cope's motion to reconsider under Rule 59(e). [DE 555; *see* DE 557, at 1 n.1, Pg ID 1006].

Under Rule 26(1)(A), the day triggering the period, here December 3, 2018, is excluded. Pursuant to Rule 26(a)(1)(B), the Court must count every day, including all intermediate Saturdays, Sundays, and holidays. As a result, sixty days from December 4, 2018, is Saturday, February 4, 2019. But Rule 26(a)(1)(C) states that if the last day of the period falls on a Saturday, Sunday, or legal holiday, as here, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday. As a result, pursuant to Rules 4(a) and 26(a)(1), Cope has until Monday, February 3, 2019, to file notice of appeal in this matter.

Ultimately, under the prison mailbox rule, Cope's motion for extension to file notice of appeal was filed on January 24, 2019,[2] when it was placed in the prison mailbox. [DE 557 at 2, Pg ID 1007]. As a result, Cope's motion for an extension of time is

---

[2] This motion appeared in the record on January 28, 2019. [*See* DE 557].

4

timely pursuant to Rule 4(a)(5)(A)(i) because it was filed before the expiration of the time prescribed by Rule 4(a)(1).

**B.     Good Cause**

Cope argues that lack of access to the prison law library and its resources justifies good cause for an extension of time to file notice of appeal. [*See* DE 557 at 1, Pg ID 1006]. But the closure of the prison law library for a limited period during the holidays and during the partial lapse in government appropriations does not provide good cause to justify a departure from the normal deadlines for filing a notice of appeal. As a result, Cope has not established good cause for his failure to file a timely notice of appeal.

The Sixth Circuit has instructed that "[g]ood cause will be found where forces beyond the control of the appellant *prevented* [him or] her from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (emphasis added).

Here, Cope has failed to demonstrate that forces beyond his control *prevented* him from filing a timely notice of appeal. Cope's motion indicates that the law library at the prison facility where he is incarcerated was closed intermittently around the holidays and during the partial lapse in government appropriations. As proof, Cope has provided copies of emails as exhibits asking why the prison law library was closed on January 19, 2019. [DE 557-1].

5

Still, without more, these facts do not establish that Cope was prevented from filing a timely notice of appeal. First, the order denying Cope's motion to alter or amend was entered on December 3, 2018, [DE 553]. It is unclear when Cope received a copy of the order through the mail. Even assuming, for the sake of argument, that Cope did not receive a copy of the order until sometime during the week of December 10th, he has not explicitly alleged or provided any proof that the facility's law library was completely closed from the time he received a copy of the order through late January.

Additionally, Cope's motion for an extension of time to file notice of appeal indicates that he has recently had access to a typewriter and legal materials that would allow him to file a notice of appeal. In fact, Cope's motion for extension is typewritten, cites the Federal Rules of Civil and Appellate Procedure, and is accompanied by two copies of emails. [DE 557]. This indicates that Cope has been able file a timely notice of appeal.

Finally, the requirements for filing a notice of appeal do not require in-depth legal analysis or access to a typewriter. Pursuant to Federal Rule of Appellate Procedure 3(c), a notice of appeal must: (1) "specify the party or parties taking the appeal . . ."; (2) "designate the judgment, order, or part thereof being appealed; and" (3) "name the court to which the appeal is taken."

Thus, to file a notice of appeal, Cope simply needs to write the case caption, indicate the order or opinion he seeks to appeal, and indicate that he was appealing to the Sixth Circuit. Access to the prison law library is not required to file the instant notice of appeal, as Cope may do so by handwriting his notice of appeal on a piece of paper.

Of course, Cope may require access to the prison law library to properly brief his arguments before the Court of Appeals. Still, at this stage, Cope simply needs to meet the minimum requirements in Rule 3(c) for filing notice of appeal, which do not require any in-depth legal analysis or strict formality.

Ultimately, the good cause standard in Rule 4(a)(5) is a difficult to meet and while the holidays and partial lapse in government appropriations may have posed some inconvenience to Cope in filing a timely notice of appeal, he has failed to demonstrate that intermittent law library closures will *prevent* him from filing a timely notice of appeal. As a result, Cope has failed to show good cause for his failure to file a timely notice of appeal.

**C. Excusable Neglect**

"[T]he excusable neglect standard has consistently been held to be strict[] and can be met only in extraordinary cases." *Marsh*, 873 F.2d at 130 (internal citations and quotations omitted). In *Pioneer Investment Services Company v. Brunswick Associates*

7

*Limited Partnership*, the United States Supreme Court addressed what constitutes "excusable neglect" in the context of bankruptcy law. 507 U.S. 380 (1993). Subsequently, the Sixth Circuit held that the standard for excusable neglect in *Pioneer* applied in civil cases as well. *United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996).

In *Pioneer*, the Supreme Court explained that "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." 507 U.S. at 394. Neglect "encompasses both simple, faultless omissions to act and omissions caused by carelessness." *Thompson*, 82 F.3d at 702 (citing Pioneer, 507 U.S. at 388). The Supreme Court explained that the determination of whether neglect is excusable is an equitable determination that requires "taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

In *Pioneer*, the Supreme Court listed factors for courts to consider to determine if neglect is excusable, including: (1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on the judicial proceedings, (3) the reason for the delay, including whether it was within the party's control, and (4) whether the movant acted in good faith. The Sixth Circuit has noted that the "*Pioneer* factors do not carry equal weight; the excuse given for the filing must have the greatest

import." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010); *see also Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014).

But here, Cope has not argued that excusable neglect is the reason for his inability to file a timely notice of appeal, but instead only argues that intermittent closings of the prison law library will prevent him from filing his notice of appeal on time. Additionally, as was noted previously, Cope has recently had access to a typewriter and computer, which would have allowed him to file a timely notice of appeal. Finally, Cope's motion cites the applicable rules, indicating that he is aware of the upcoming deadline in which he must file notice of appeal.

Additionally, even if Cope is arguing that there is a basis for excusable neglect in this matter, closure of the prison law library does not constitute a sufficient basis for excusable neglect. Initially, it does not appear that closure of the prison law library constitutes neglect on the part of Cope that could be excused. And even if Cope's failure to efficiently use the prison law library resources does constitute neglect, the *Pioneer* factors weigh against excusing that neglect. First, the government has expended a substantial amount of time and resources responding to Cope's motions that are untimely, baseless, and seek to relitigate issues that have already been resolved by this Court and the Sixth Circuit. Second, Cope's motion for an extension of time to file

9

notice of appeal was filed fifty-two days after the Court denied his motion for reconsideration. Third, while Cope has asserted that there were intermittent closures of the prison law library, his motion for extension is typewritten and cites applicable legal authorities, indicating that he has had access to resources that would allow him to file a timely notice of appeal. Fourth, and finally, while the Court does not impute or assume bad faith on the part of Cope, it does note that Cope is attempting to re-litigate issues that have already been resolved by this Court and the Court of Appeals. As a result, even under the *Pioneer* factors, intermittent closure of the prison law library does not constitute excusable neglect that would entitle Cope to an extension of time to file notice of appeal.

### III. Conclusion

Ultimately, Cope has failed to demonstrate that intermittent closures of the prison law library around the holidays and during the partial lapse in government appropriations provides good cause or constitutes excusable neglect that would justify an extension of time for him to file notice of appeal in this matter. Accordingly, **IT IS ORDERED** that Defendant's motion for extension of time to file notice of appeal [DE 557] is **DENIED**.

This the 29th day of January, 2019.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge